**CHASAN LEYNER & LAMPARELLO, PC**
**300 HARMON MEADOW BOULEVARD**
**SECAUCUS, NEW JERSEY  07094-3621**
**201-348-6000**
**ATTORNEYS FOR DEFENDANT, KRISTEN E. LEVINS**
**03311-9483 (MDL)**

---

| | |
|---|---|
| **EDWARD O'BRIEN,**<br><br>             **Plaintiff,**<br><br>**vs.**<br><br>**GUY S. CRAWFORD, ESTATE OF GUY S. CRAWFORD, GREYHOUND LINES INC., TAWANA M. ROANE, DAMON J. WEST, KRISTEN E. LEVINS,**<br><br>             **Defendants.** | **UNITED STATES DISTRICT COURT**<br>**DISTRICT OF NEW JERSEY**<br>**DOCKET NO. 2:11CV01799-PGS-ES**<br><br>**Civil Action**<br><br>**ANSWER TO AMENDED COMPLAINT, SEPARATE DEFENSES AND JURY DEMAND** |

Defendant, Kristen E. Levins, by way of Answer to the Amended Complaint, says:

### FIRST COUNT

1.      This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the First Count of the Amended Complaint.

2.     This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the First Count of the Amended Complaint.

3.     This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the First Count of the Amended Complaint.

4.     Denied.

5.     This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the First Count of the Amended Complaint.

**WHEREFORE**, defendant Kristen E. Levins demands judgment against plaintiff, Edward O'Brien, dismissing the Amended Complaint, together with costs of suit.

## SECOND COUNT

1.     This defendant repeats her answers to each and every allegation set forth in the First Count as though fully set forth at length herein.

2.     This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Second Count of the Amended Complaint.

**WHEREFORE**, defendant Kristen E. Levins demands judgment against plaintiff, Edward O'Brien, dismissing the Amended Complaint, together with costs of suit.

## SEPARATE DEFENSES

1.     The accident and damages complained of were not the result of the negligence of this defendant.

2.      The accident and damages complained of were the result of the negligence of third parties and/or persons over whom this defendant had no control.

3.      The accident and damages complained of were the result of the negligence of the plaintiff which either caused the same or contributed to the happening thereof, and this defendant is not liable, therefore, to the plaintiff.

4.      The accident and damages complained of were the result of the negligence of the plaintiff which was greater than any negligence of this defendant, and this defendant is, therefore, not liable to the plaintiff under the provisions of the State of New Jersey, generally known as the Comparative Negligence Law, N.J.S.A. 2A:15-5.1, et seq.

5.      The accident and damages complained of were the result of the contributory negligence of the plaintiff and the plaintiff is chargeable with his proportionate share of negligence which contributed to the happening of the accident pursuant to N.J.S.A. 2A:15-5.1, et seq.

6.      Plaintiff is barred from recovery by reasons of the applicable provisions of the New Jersey Reparation Reform Act, N.J.S.A. 39:6A-1, et seq.

7.      The Doctrine of Avoidable Consequences bars some or all of plaintiff's damages as plaintiff has failed to avoid some or all of the consequences of the accident or to otherwise mitigate damages by his conduct including, but not limited to, failure to wear a seat belt contrary to N.J.S.A. 39:3-76.2, et seq.

8.      The liability of Kristen E. Levins, if any, to the plaintiff is limited to its equitable share under the New Jersey Comparative Negligence and Joint Tortfeasor

Acts in accordance with the relative culpability of all persons or entities contributing to the total liability for any loss sustained by the plaintiff.

9.      The liability of Kristen E. Levins, if any, for plaintiff's damages is limited by the provisions of N.J.S.A. 2A:15-5.2 and 2A:15-5.3 based upon the percentage of negligence assessed against Kristen E. Levins.

## CROSSCLAIM FOR CONTRIBUTION AND INDEMNIFICATION

Defendant, Kristen E. Levins, hereby demand(s) judgment of contribution and indemnification against all co-defendants, pursuant to the terms of the New Jersey Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1, et seq., as modified by the provision of N.J.S.A. 2A:15-5.1, et seq., the Comparative Negligence Act.

## ANSWER TO ALL CROSSCLAIMS

The answering defendant denies each and every allegation of any Crossclaim which may be asserted against her by any party in this litigation.

## DEMAND FOR ALLOCATION

If any defendant settles with the plaintiff prior to trial, the co-defendant(s) will seek an allocation by the jury of the percentage of negligence against the settling defendant.  The co-defendant(s) will seek this allocation, whether or not they have formally filed a crossclaim against the settling defendant. The co-defendant(s) will rely upon the direct and cross-examination of all witnesses at trial in support of this allocation.  This demand is made pursuant to the holding in Young v. Latta, 123 N.J. 584 (1991).

## DEMAND FOR PRODUCTION OF STATEMENTS

Demand is hereby made that you provide the attorney filing this pleading with

true and complete copies of any statements made by the client of this attorney.   This demand is deemed to be continuing.

## DEMAND FOR DAMAGES CLAIMED

Please take notice that we hereby demand that you serve upon us, within five (5) days of the date of service of this demand, a statement of the amount of money damages claimed by the plaintiff in the above case.

## DEMAND FOR INTERROGATORIES

, demand is hereby made upon you to furnish answers to the interrogatories set forth in Form A of Appendix II of the New Jersey rules.

## JURY DEMAND

Defendant, Kristen E. Levins, hereby demand(s) a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Martha D. Lynes, Esq. is designated as trial counsel.

## CERTIFICATION

I hereby certify that a copy of the within Answer was served within the time prescribed.

I hereby stated that the matter in controversy is not now the subject of any other action pending in any other court, or of a pending arbitration proceeding, to the best of my knowledge and belief.

Also, to the best of my belief, no other action or arbitration proceeding is contemplated.

Further, other than the parties set forth in this pleading and previous pleadings, at the present time I know of no other parties that should be joined in the within action.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**CHASAN LEYNER & LAMPARELLO, PC**
**Attorneys for Defendant, KRISTEN E. LEVINS**


**BY:** _____
                      **MARTHA D. LYNES**

**DATED**:  May 6, 2011